Filed 7/17/26  In re M.W. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re M.W., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>M.W.,<br><br>    Defendant and Appellant. | F089845<br><br>(Super. Ct. No. 25JL-00023A)<br><br>**OPINION** |

APPEAL from a judgment of the Superior Court of Merced County.  Mason L. Brawley, Judge.

Jared G. Coleman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Darren K. Indermill and William C. Moine, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

## INTRODUCTION

Appellant M.W., a minor, appeals from the jurisdictional and dispositional orders of a juvenile court, which found appellant was an aider and abettor to misdemeanor petty theft and imposed a suspended sentence of six months' formal probation with conditions pursuant to Welfare and Institutions Code section 725, subdivision (a).[1]  Appellant argues there was insufficient evidence to support the juvenile court's jurisdictional finding, the juvenile court imposed an unauthorized condition of confinement and multiple unconstitutional and unreasonable probation conditions, and the court violated appellant's rights by conducting the disposition hearing without an official court reporter.  We affirm the juvenile court's orders.

## FACTUAL HISTORY

On February 23, 2025, around 9:00 p.m., appellant and three other minors, one male and two female, entered a grocery store and walked directly to the liquor aisle.  The other male, and one of the female minors stood in front of the liquor bottles and the female minor began grabbing the bottles and placing them in a bag.  The group then began walking around in an attempt to avoid store employees.

Although the store had two exits, in the evening the employees close one of them.  As a result, the group had no choice but to pass in front of the store employees as they attempted to exit.  One of the store employees followed the group, and after the minors looked back at the employee, they walked a little faster.  The employee testified that he could see the bottles bulging in the bag and could hear the bottles "[c]linking everywhere."  As the group approached the exit they tried to run out and the employee grabbed the bag with the alcohol inside.

---

[1] Further statutory references are to the Welfare and Institutions Code unless otherwise stated.

The employee struggled with the female minor for the bag, saying, "You can't steal," while the second female minor and appellant shouted at him. Some of the bottles broke in the bag, spilling alcohol on the floor. At one point, appellant touched or tugged on the employee's hand or arm, trying to get the employee away from the female minor with the bag.

As the employee struggled with the female minor for the bag, the second male minor pulled out a knife. The employee saw the knife and backed away, allowing the female minor to escape. Appellant urged the second male minor to leave. The male minor said, "I'll remember you, Richie," directed at the employee, and then appellant and the minor left the store together.

## PROCEDURAL HISTORY

On February 28, 2025, an amended juvenile wardship petition was filed pursuant to section 602, subdivision (a), alleging appellant committed attempted second degree robbery (Pen. Code, § 211; count 1), assault with a deadly weapon (*id*., § 245, subd. (a)(1); count 2), and conspiracy to commit robbery (*id*., §§ 182, subd. (a)(1), 211; count 3).

Following a contested jurisdiction hearing held April 10, 2025, the juvenile court sustained the petition as to count 1, finding appellant committed petty theft in violation of Penal Code section 484, the lesser included misdemeanor offense of robbery. The court found not true the remaining counts.

At a disposition hearing held May 15, 2025, the juvenile court placed appellant on six months' probation, subject to certain conditions, pursuant to section 725, subdivision (a). Appellant objected to the absence of a court reporter, which was overruled "due to the lack of court-employed certified shorthand reporters (CSR) in the State of California." The juvenile court reserved the restitution probation condition. Appellant filed a timely notice of appeal.

3.

**DISCUSSION**

Appellant argues there is not substantial evidence to support the finding that he aided and abetted the theft, that the dispositional order must be corrected to strike the unauthorized condition of confinement imposed as part of a nonwardship probation grant, that the order must be modified to strike multiple unconstitutional probation conditions, and that the order must be reversed because appellant was denied an official court reporter at the dispositional hearing. We find harmless error and affirm the judgment.

**I.** **Substantial Evidence Supports the Juvenile Court's Finding Appellant Aided and Abetted Petty Theft**

**A.** *Legal Standard*

The "beyond a reasonable doubt" standard is the evidentiary standard in juvenile delinquency matters (§ 701). Much like an appeal from an adult criminal proceeding, we review a factual finding in a juvenile proceeding that a minor violated a criminal statute for substantial evidence. (*In re Roderick P.* (1972) 7 Cal.3d 801, 809.)

" '[W]e review the whole record to determine whether any rational trier of fact could have found the essential elements of the crime … beyond a reasonable doubt. [Citation.] The record must disclose substantial evidence to support the verdict—i.e., evidence that is reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. [Citation.] In applying this test, we review the evidence in the light most favorable to the prosecution and presume in support of the judgment the existence of every fact the jury could reasonably have deduced from the evidence. [Citation.] … A reversal for insufficient evidence "is unwarranted unless it appears 'that upon no hypothesis whatever is there sufficient substantial evidence to support' " the jury's verdict. [Citation.]' [Citation.]" (*People v. Manibusan* (2013) 58 Cal.4th 40, 87.)

Penal Code section 31 extends criminal liability in a crime to "[a]ll persons concerned in the commission of a crime, whether it be felony or misdemeanor, and

whether they directly commit the act constituting the offense, or aid and abet in its commission….” " 'A person aids and abets the commission of a crime when he or she, (i) with knowledge of the unlawful purpose of the perpetrator, (ii) and with the intent or purpose of committing, facilitating or encouraging commission of the crime, (iii) by act or advice, aids, promotes, encourages or instigates the commission of the crime.' [Citation.]” (*People v. Delgado* (2013) 56 Cal.4th 480, 486.)

“When the offense charged is a specific intent crime, the accomplice must 'share the specific intent of the perpetrator'; this occurs when the accomplice 'knows the full extent of the perpetrator's criminal purpose and gives aid or encouragement with the intent or purpose of facilitating the perpetrator's commission of the crime.' [Citation.]” (*People v. Prettyman* (1996) 14 Cal.4th 248, 259.)

“The elements of theft by larceny are well settled:  the offense is committed by every person who (1) takes possession (2) of personal property (3) owned or possessed by another, (4) by means of trespass and (5) with intent to steal the property, and (6) carries the property away.” (*People v. Davis* (1998) 19 Cal.4th 301, 305.)

**B.**  *Analysis*

Appellant contends the juvenile court found that appellant was not a " 'lookout.' " Appellant argues the juvenile court's “only stated basis” (italics omitted) for finding appellant culpable was a presumption based on his mere presence.  Finally, appellant argues that appellant did not act unlawfully, and his contact with the store employee was an act of defense against unreasonable force.

The court did comment that “[i]t was never really proven that [appellant] was a look-out.”  In finding appellant culpable, the court ruled “… I do feel that nefarious actions were taken in this case.  The four parties entered the store together….  When the young woman put the bottles in her bag, she was alone with the gentleman in the sweatsuit in the aisle at that time.  However, the video does show [appellant] walking immediately behind the young woman and man in the sweatsuit from the locked exit of

5.

the store, over to the nighttime exit. From this, I can presume that they, together, tried to exit the store through the locked exit, were unable to, and made their way to the other exit, the nighttime exit; and from the second reason, that [appellant] knew that there were stolen bottles of alcohol in the bag and then [appellant] is attempting to exit the store with the other individuals."

A rational fact finder could conclude that appellant shared the female minor's specific intent to steal the alcohol bottles, that appellant knew the female minor stole the alcohol and aided her with the purpose of facilitating her escape with the stolen bottles. (*People v. Prettyman*, *supra*, 14 Cal.4th at p. 259.) Appellant entered the store with the group of minors and attempted to exit the store with them, ultimately fleeing with them. Even if appellant did not see the female minor place alcohol bottles into her bag, it is reasonable to infer that appellant was aware of the bottles as he exited the store due to the bottles bulging in the female minor's bag and the clinking sound they made. Appellant facilitated the female minor's commission of the crime by interfering with the store employee when the employee attempted to stop the female minor from leaving.

As noted by the Attorney General, *In re Juan G.* (2003) 112 Cal.App.4th 1 (*Juan G.*) is instructive. In *Juan G.*, the appellant, a minor, was found to have aided and abetted a robbery. (*Juan G.*, *supra*, 112 Cal.App.4th at p. 5.) The appellant and a cohort, Quincy D., approached the victim on the street, and Quincy D. pulled out a knife. (*Ibid.*) The appellant did nothing more than stand directly beside Quincy D., within touching distance of the victim who testified that he felt intimidated by the appellant. (*Ibid.*) After completing the robbery, both the appellant and Quincy D. fled, and were later arrested together. (*Ibid.*)

Although the appellant did not move, speak, or assist in the robbery in any way other than being present within touching distance of the victim, the appellate court ruled substantial evidence supported the juvenile court's finding. (*Juan G.*, *supra*, 112 Cal.App.4th at p. 5.) The appellate court found "[a]mong the factors which may be

6.

considered in determining aiding and abetting are: presence at the crime scene, companionship, and conduct before and after the offense." (*Ibid*.) "[The] appellant was present at the robbery, standing with Quincy D. and the victim. He was in the company of Quincy D. immediately prior to the robbery and during the attempted escape." (*Ibid*.) "After examining the record in light of these factors we conclude the juvenile court reasonably inferred from [the] appellant's presence he knew of and shared Quincy D.'s criminal intent, and he aided, promoted, and encouraged the commission of the robbery." (*Ibid.*)

In this case, even if appellant was *merely* present, that does not foreclose a finding that he aided and abetted the theft. Much like in *Juan G.*, appellant was in the company of the female minor who stole the alcohol bottles, before, during, and after the theft. And unlike *Juan G.*, appellant actively facilitated the theft by assisting the female minor when appellant interfered with the store employee attempting to recover the stolen alcohol. That appellant deescalated the situation when the second male minor pulled out a knife is admirable, but does not negate a reasonable inference that appellant shared the specific intent to steal the alcohol with the female minor.

Appellant argues that he did not commit an unlawful act which supported the theft. Appellant does not cite to a case or statute which requires the aider and abettor's facilitating act be unlawful, and we cannot find any such precedent or law. The law is well established, however, that while an accomplice must *know* of the unlawful purpose of the perpetrator and with intent or purpose facilitate and encourage the perpetrator's crime, the aider and abettor's act or advice which aids, promotes, encourages or instigates the commission of the crime need not itself be unlawful. (*People v. Delgado*, *supra*, 56 Cal.4th at p. 486.) In *Juan G.*, for example, the appellant standing next to Quincy D. was not itself an unlawful act. (*Juan G.*, *supra*, 112 Cal.App.4th at p. 5.)

Appellant argues that he acted in defense of his companion due to the store employee's unlawful use of force. That is a fact which goes toward establishing

appellant's mental state; whether he harbored the necessary specific intent to aid and abet the theft, or whether he was merely protecting his companion. Appellant is asking us to infer the latter, but it is not the function of this court to substitute our judgment for the juvenile court. It is reasonable to infer that appellant interfered with the store employee to facilitate the female minor's theft of the alcohol, and "we must assume every fact and inference in favor of the judgment. The right to draw proper inferences from the evidence is a function of the trier of fact, and so long as its conclusions do not do violence to reason or challenge credulity, an appellate court will not reweigh the evidence." (*People v. Wise* (1962) 199 Cal.App.2d 57, 59–60.)

## II. The Challenge to the Probation Conditions Is Moot

Appellant challenges one probation condition as unauthorized by statute, and three probation conditions as unreasonable and unconstitutional. Probation condition No. 10 directed appellant "[s]ubmit your person, vehicle, place of residence, or any other belongings to search and seizure, without a warrant, any time day or night, by any Probation Officer or Peace Officer with or without probable cause." Probation condition No. 17 prohibited appellant from having contact with the listed victims, the grocery store and store employee who appellant touched, and prohibited appellant from being "within 100 yards of the victim's residence, school, and/or place of employment without the prior approval of the Probation Officer."

Probation condition No. 20 directed appellant to "[s]eek or maintain substance abuse and/or anger management counseling as directed by the Probation Officer." (Underscoring omitted.) Probation condition No. 22 directed appellant "[b]e confined in [correctional complex] for a period of 9 days, with credit for time served of 9 days as of May 15, 2025, commencing forthwith." (Underscoring omitted.)

We recognize, and the Attorney General concedes that probation condition No. 22 was not authorized by section 725, subdivision (a). However, generally, the expiration or termination of probation renders an appeal challenging a condition of probation moot.

(*In re R.V.* (2009) 171 Cal.App.4th 239, 245.) " 'If an action involves a matter of continuing public interest and the issue is likely to recur, a court may exercise an inherent discretion to resolve that issue, even though an event occurring during its pendency would normally render the matter moot.' [Citation.]" (*Id*. at pp. 245–246.) This is not such a case. Since appellant's probation has ended, we conclude the challenges to the probation conditions, including probation condition No. 22, are moot.

### III. Failure To Provide Court Reporter Was Harmless Error

Appellant argues, and the Attorney General concedes, that section 677 requires a court reporter be present in juvenile delinquency proceedings. "At any juvenile court hearing conducted by a juvenile court judge, an official court reporter shall, and at any such hearing conducted by a juvenile court referee, the official reporter, as directed by the court, may take down in shorthand all the testimony and all of the statements and remarks of the judge and all persons appearing at the hearing …." (§ 677.) This is a mandatory, statutory duty for all juvenile court proceedings conducted by a juvenile court judge.

The Attorney General states that the Merced County Superior Court issued a standing order, "Merced County Standing Order #2024-03," effective September 3, 2024, directing the electronic recording of juvenile delinquency proceedings due to the limited availability of court reporters. There is no dispute the juvenile court erred by applying this order in violation of appellant's statutory right to an official reporter during his juvenile proceedings.

"It is well-established that 'the essentials of due process and fair treatment' apply to a juvenile delinquency adjudication. [Citations.]" (*In re Kevin S.* (2003) 113 Cal.App.4th 97, 107.) "A party in a criminal case is entitled to a sufficient record to provide him a meaningful appeal." (*People v. Callahan* (1985) 168 Cal.App.3d 631, 632.) But a reporter's transcript is not the exclusive means of providing such a record. "Alternative methods of reporting trial proceedings are permissible if they place before the appellate court an equivalent report of the events at trial from which the appellant's

contentions arise." (*Draper v. Washington* (1963) 372 U.S. 487, 495.) An appellant's right to appeal requires a record of sufficient completeness to permit proper consideration of his appeal. (*In re Armstrong* (1981) 126 Cal.App.3d 565, 570.) The use of electronic recording rather than a live court reporter at trial does not necessarily violate an appellant's constitutional rights. (*People v. Turner* (1998) 67 Cal.App.4th 1258, 1263.)

Because the use of an electronic recording device to transcribe appellant's juvenile court proceeding did not violate his constitutional rights, the juvenile court's failure to comply with section 667 constitutes an error of state law subject to the harmless error standard prescribed by *People v. Watson* (1956) 46 Cal.2d 818, 836. Appellant bears the burden of showing a reasonable probability the result would have been different in the absence of the error. (*Ibid*.)

In this case, the May 15, 2025 juvenile proceeding was electronically recorded, the recording was transcribed and the transcription was provided to this court as an augmented reporter's transcript on appeal. Appellant argues that the error was prejudicial because this court cannot examine the factual basis or rationale presented at the hearing. On the contrary, the augmented transcript provides this court a verbatim record of the hearing for review, rendering the error of failing to provide a court reporter, harmless.

## DISPOSITION

The juvenile court's jurisdictional and dispositional orders are affirmed.


DETJEN, Acting P. J.

WE CONCUR:


MEEHAN, J.


SNAUFFER, J.

10.